**Demetre GERONYMO, Plaintiff,**

**v.**

**JOSEPH HORNE COMPANY, INC., a Pennsylvania Corporation, and International Brotherhood of Painters and Allied Trades, Local No. 6, AFL–CIO, Defendants.**

**Civ. A. No. 75–283.**

United States District Court,
D. Pennsylvania.

Oct. 5, 1978.

George Retos, Jr., Retos, Symond & Clarke, Washington, Pa., John V. Adams, Jr., Pittsburgh, Pa., for plaintiff.

Ronald Gilardi, Edward J. Van Allen, Pittsburgh, Pa., Robert Lewis, New York City, for defendants.

## MEMORANDUM OPINION AND ORDER

ZIEGLER, District Judge.

The matter before the court is the motion of plaintiff, pursuant to Rule 60 of the Federal Rules of Civil Procedure, for relief from judgment of dismissal entered on behalf of Joseph Horne Company on September 5, 1978. Judgment was entered for failure of plaintiff's counsel to comply with orders of this court dated June 7, June 30

and August 17, 1978.[1] The facts concerning counsel's transgressions are documented in a memorandum dated September 5, 1978, and we perceive no reason to repeat those details.

The sole question at bar is whether the affidavit of George Retos, Jr. complies with the "exceptional circumstances" requirement of Rule 60(b). The Rule authorizes relief from final judgment upon a showing of mistake, inadvertence, surprise or excusable neglect, or any other reason justifying relief from the operative effect of a judgment. Relief under the Rule is directed to the sound discretion of the district court. *DiGregorio v. First Rediscount Corp.*, 506 F.2d 781, 788–89 (3d Cir. 1974). We are mindful that dismissal is unwarranted for noncompliance with discovery orders "when it has been established that failure to comply has been due to inability, and not willfulness, bad faith, or any fault of petitioner." *Societe Internationale Pour Participations Industrielles et Commerciales, S. A. v. Rogers*, 357 U.S. 197, 212, 78 S.Ct. 1087, 1096, 2 L.Ed.2d 1255 (1958).

■ We begin our analysis with the observation that the affiant admits, for the first time, "inexperience in Federal Court cases."[2] Apparently, the plaintiff will now be represented by experienced counsel if relief is obtained. The admission is shocking when one considers the numerous violations which have occurred. For an inexperienced attorney to file a complex case in any court without the assistance of experienced counsel, manifests an alarming disregard for the interests of the client. Moreover, inexperience cannot justify the failure to file timely answers to interrogatories, or seek an extension of time, or comply with an order of any court regarding punctual appearance at oral argument.

■ On the other hand, this court is loath to deprive the plaintiff of a trial on the merits without a showing of prejudice to the defendants in light of the affidavit of Attorney Retos. The Brotherhood of Painters makes no claim of prejudice. Joseph Horne contends that the death of Leo Mandel on May 2, 1978, establishes prejudice.

The deceased was employed by defendant as a foreman, and was "primarily responsible for determining which persons under his supervision would be laid off and recalled . . . . Moreover, Mr. Mandel was in a key position to evaluate plaintiff's job performance with defendant."[3] In our judgment, the death of Mr. Mandel does not establish prejudice. His death occurred prior to the date on which this court ordered the completion of discovery.

On June 7, 1978, the court ordered completion of discovery by August 1, 1978, and plaintiff was ordered to file a pretrial narrative statement on or before August 14, 1978. Even if plaintiff had complied with the order, the case would not have been tried prior to the death of the employee. Moreover, if Joseph Horne desired to depose this person, the conduct of plaintiff's counsel did not impede this effort. We perceive no connection between the dilatory acts of counsel and the sole allegation of prejudice claimed by Joseph Horne.

As a result, relief will be granted for the following reasons: (1) the affidavit of plaintiff's counsel establishes excusable neglect; (2) plaintiff has secured competent counsel to prosecute the claim; (3) plaintiff was not privy to the foibles of his attorney;[4] and (4) defendants have suffered no prejudice due to the omissions of counsel.

The relief which plaintiff seeks must, of course, be based upon certain reasonable conditions. Counsel for Joseph Horne was required to attend two oral arguments due to the failure to comply with orders of this court. The first argument on August 30, 1978 was aborted due to failure of plain-

---

1. Rule 41(b) authorizes dismissal for failure to prosecute or comply with any order of court, and Rule 37(b)(2)(C) includes dismissal for non-compliance with discovery orders.

2. Paragraph 8 of affidavit of George Retos, Jr.

3. Memorandum of Joseph Horne Company, Inc. at 10.

4. *See DiGregorio v. First Rediscount Corp.*, 506 F.2d 781, 785 (3d Cir. 1974).

tiff's counsel to appear. We will assess expenses upon plaintiff's counsel in the sum of $25 for each of defendant's attorneys for this matter. The oral argument of October 2, 1978, which pertained to plaintiff's motion for reconsideration, consumed approximately thirty minutes, and we will assess expenses upon plaintiff's counsel in the sum of $50 for each of defendant's attorneys. In addition, since James R. Williams, Esquire, was required to travel from New York City to Pittsburgh for each argument, counsel is entitled to reasonable travel expenses. As a result, the court will require Attorney Williams to submit an affidavit within thirty days which substantiates these items. We do not intend to award attorney fees to counsel for Brotherhood of Painters because counsel did not appear at the argument on August 30, 1978.

Plaintiff will be required to file with the Clerk verified answers to interrogatories and production of those documents previously ordered on or before October 11, 1978. Plaintiff must then file a pretrial narrative statement on or before October 18, 1978. Defendants must file a pre-trial narrative statement on or before October 25, 1978. In the event the parties require additional discovery, the court will entertain an appropriate motion for extension of time to complete discovery.